UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Dennis Cooper,<br>Plaintiff,<br>v.<br>J. Hester,<br>Defendant. | Case No. 2:24-cv-02419-APG-EJY<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Stay Discovery. ECF No. 12. The Court reviewed the Motion and Plaintiff's Opposition (ECF No. 20). The Court finds as follows.

Courts have broad discretionary power to control discovery, including the decision to allow or deny discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Rule 1 of the Federal Rules of Civil Procedure guides the Court's exercise of discretion to stay discovery with an eye toward ensuring a "just, speedy, and inexpensive determination of every action." *Long v. Gamo Outdoor S.L.U.*, Case No. 2:22-cv-00670-JAD-DJA, 2022 WL 2819662, at *2 (D. Nev. July 18, 2022). With Rule 1 as its prime directive, this Court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); Fed. R. Civ. P. 26(c)(1) (court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including forbidding disclosure or discovery). To decide whether a stay of discovery is warranted pending the outcome of a dispositive motion, the Court should consider: (1) whether the motion is "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought," and (2) "whether the pending potentially dispositive motion can be decided without additional discovery." *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013); *see also*, *e.g.*, *Klaizner v. Ditech Financial LLC*,

Case No. 2:16-cv-00414-GMN-CWH, 2016 WL 3176579 (D. Nev. June 2, 2016). In applying this two-pronged test, courts take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Tradebay, LLC, v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011); *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582-83 (D. Nev. 2013). The court's preliminary peek is not intended to prejudge the outcome of the pending dispositive motion; it merely evaluates whether an order staying discovery is warranted. *Tradebay*, 278 F.R.D. at 603.

Here, a preliminary peek at Defendant's Motion to Dismiss (ECF No. 11) reveals that if granted Plaintiff's case will be resolved in its entirety. Further, the Court finds no discovery is needed to decide whether dismissal is appropriate. Defendant seeks dismissal based purely on the application of law to the facts alleged, assuming all those facts are true. And while the qualified immunity argument is not compelling, it appears, at least at this stage, that the issue of immunity may not be reached. The Court is not suggesting that what Plaintiff complains of is not serious or egregious; however, it appears that the events do not qualify as constitutional violations. It may also be that leave to amend will be granted, but the Court does not presage this outcome or whether Plaintiff can amend sufficiently to state a cognizable claim.

Accordingly, IT IS HEREBY ORDERED that the Motion to Stay Discovery (ECF No. 12) is GRANTED.

IT IS FURTHER ORDERED that if the Motion to Dismiss does not resolve the case in its entirety, Defendant must meet and confer with Plaintiff and then file a status report no later than 21 days after the Court issues its order explaining the case status and proposing next step for discovery.

Dated this 11th day of August, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE